UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : : |
| Plaintiff, | : Civil Action No. 5:09-cv-639-L |
| vs. | : : |
| JERRY D. CASH and DAVID E. GROSE, | : : : |
| Defendants. | : : |

**AGREED FINAL JUDGMENT AS TO JERRY D. CASH**

Plaintiff Securities and Exchange Commission, having filed a Complaint against Jerry D. Cash ("Defendant") and Defendant having waived service of process and entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Agreed Final Judgment as to Jerry D. Cash ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law;

**IT IS HEREBY ORDERED:**

**I.**

Defendant, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

(c) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

## II.

Defendant, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

(a) to use or employ any manipulative or deceptive device or contrivance;

(b) to employ any device, scheme or artifice to defraud;

(c) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

(d) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. §§ 240.14a-9] by using the mails or any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate for the public interest or for the protection of investors to solicit by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances in which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

**IV.**

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. §§ 240.13b2-1], by knowingly circumventing or knowingly failing

to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or falsifying or causing to be falsified, any book, record or account subject to section 13(b)(2)(A) of the Exchange Act.

## V.

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], directly or indirectly, by:

    (a)    making or causing to be made a materially false or misleading statement to an accountant in connection with; or

    (b)    omitting to state, or causing another person to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

        (1)    any audit, review or examination of the financial statements of an issuer; or

        (2)    the preparation or filing of any document or report required to be filed with the Commission.

## VI.

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], directly or indirectly, by:

    (a)    certifying a periodic report containing financial statements filed by an issuer pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] when he or she has failed to:

        (1)    review the report;

        (2)    ensure, to the best of his or her knowledge, that the report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report;

        (3)    ensure, to the best of his or her knowledge, that the financial statements, and other financial information included in the report, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in the report;

        (4)    ensure that he or she has established and maintained disclosure controls and procedures, as defined in Exchange Act Rules 13a-15(e) and 15d-15(e) [17 C.F.R. § 240.13a-15(e) and 17 C.F.R. § 240.15d-15(e)], for the issuer and have:

  (i) designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under his or her supervision, to ensure that material information relating to the issuer, including its consolidated subsidiaries, is made known to him or her by others within those entities, particularly during periods in which the periodic report is being prepared;

  (ii) evaluated the effectiveness of the issuer's disclosure controls and procedures and presented in this report his or her conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by the report based on such evaluation; and

  (iii) disclosed in the report any change in the issuer's internal control over financial reporting that occurred during the issuer's most recent fiscal quarter (the issuer's fourth quarter in the case of an annual report) that has materially affected, or is reasonably likely to materially affect, the issuer's internal control over financial reporting; and

(5) ensure that he or she has disclosed, based on his or her most recent evaluation of internal control over financial reporting, to the issuer's board of directors (or persons performing the equivalent functions):

        (i)       all significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the issuer's ability to record, process, summarize and report financial information; and

        (ii)      any fraud, whether or not material, that involves management or other employees who have a significant role in the issuer's internal controls over financial reporting; and

(b)    having a certification of disclosure, as specified in Exchange Act Rule 13a-14(a), (b) or (c) [17 C.F.R. § 240.13a-14(a), (b) or (c)], signed on his behalf pursuant to a power of attorney or other form of confirming authority.

## VII.

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly providing substantial assistance to an issuer in its failure to:

(a)    file with the Commission

        (1)      such information and documents as the Commission shall require to keep reasonably current the information and documents required

                to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act; and

    (2)    such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports, as the Commission may prescribe;

(b)     add such further material information, if any, as may be necessary to make required statements, in the light of the circumstances under which they were made, not misleading, to that information expressly required to be included in a statement or report;

(c)     file in a timely fashion annual reports, as required by Rule 13a-1 [17 C.F.R. §240.13a-1]; and

(d)     file in a timely fashion quarterly reports, as required by Rule 13a-13 [17 C.F.R. §240.13a-13].

## VIII.

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by knowingly providing substantial assistance to an issuer in its failure to:

(a)     make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; and

(b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    (1) transactions are recorded as necessary to permit the preparation of financial statements in accordance with GAAP;

    (2) transactions are recorded as necessary:

        (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements; and

        (ii) to maintain accountability for assets;

    (3) access to assets is permitted only in accordance with management's general or specific authorization; and

    (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IX.

Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(k) of the Exchange Act [15 U.S.C. § 78m(k)], by knowingly providing substantial assistance to an issuer to directly or indirectly, including through any subsidiary, to extend or maintain credit, to arrange for the extension of credit, or to renew an extension of credit, in the form of a personal loan to or for any director or executive officer (or equivalent thereof) of that issuer.

## X.

Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

Defendant is liable for the payment of $10 million in disgorgement, plus $1,333.359.38 in prejudgment interest, for a total of $11,333,359.38, but based on the judgment and orders entered in *United States v. Jerry Dale Cash,* Case No. 5:09-cr-241-F (W.D. Okla.), wherein that Court sentenced Defendant to 9 years' imprisonment, and ordered him to pay restitution, the Commission deems satisfied its monetary claims against Defendant, including payment of disgorgement and pre-judgment interest, and the imposition of a civil penalty.

Therefore, IT IS ORDERED that the Commission's monetary claims against Defendant for disgorgement, prejudgment interest, and civil penalties are DISMISSED.

//
//
//
//

## XII.

The Consent of the Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

Dated:   December 12, 2011.

*Tim Leonard*
TIM LEONARD
United States District Judge

APPROVED AS TO FORM:


By: */s/ Jason S. Lewis*_____
      JASON S. LEWIS
      Locke Lord Bissell & Liddell LLP
      2200 Ross Avenue, Suite 2200
      Dallas, Texas  75201
      Ph: 214-740-8432
      Fax: 214-756-8432
      *jlewis@lockelord.com*
      COUNSEL FOR DEFENDANT JERRY D. CASH

By: */s/ Jennifer D. Brandt*_____
      JENNIFER D. BRANDT
      U.S. Securities and Exchange Commission
      Burnett Plaza, Suite 1900
      801 Cherry Street, Unit #18
      Fort Worth, TX  76102-6882
      Ph: (817) 978-6442
      Fax: (817) 978-4927
      *brandtj@sec.gov*
      COUNSEL FOR PLAINTIFF